JACOB C. REISS v. BAMBERGER & COMPANY.

Argued October term, 1924—Decided January 27, 1925.

**Negligence—Motor Vehicle Collision—Defense Denied Negligence, Alleging Negligence on Part of Plaintiff—Court Erred in Charging Counsel to Limit Address to Question of Damages—Negligence, Contributory Negligence and Amount of Damages All Questions for Jury.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellee, *Riker & Riker.*

For the defendant-appellant, *Jacob V. Schneider.*

PER CURIAM.

This is an appeal from the First District Court of Newark, where the plaintiff had a judgment entered upon the verdict of a jury, in a suit for damages to his automobile by a truck, owned and operated by the defendant.

The plaintiff's automobile was being driven north on High street, in the city of Newark, and defendant's truck easterly on Bleecker street, and the accident occurred at the southeast corner of the intersection. Plaintiff's case was that as he approached the crossing he stopped; that he saw defendant's truck rapidly approaching; that defendant's truck skidded on the icy road; that plaintiff suddenly started his car to get out of the way, and the rear of defendant's truck swung around, and in the endeavor to avoid it the plaintiff struck the curb with his machine and was damaged.

Defendant's case presented a denial of negligence, by alleging that plaintiff's car was going at about twenty miles an hour; that defendant's car skidded when plaintiff's car was about forty feet from him; that plaintiff had given no signal, and that defendant had given a signal.

Manifestly, this presentation of fact raised a jury question, both upon the questions of negligence and contributory

negligence. The trial court, therefore, erred in directing counsel to limit his address only to the question of damages, and by directing a verdict in favor of the plaintiff upon the question of defendant's liability.

The questions of negligence of the defendant, the alleged contributory negligence of plaintiff, as well as the question of resulting damages, were questions for the jury. *Daly* v. *Case*, 88 *N. J. L.* 295.

The judgment will be reversed.